Dear Mr. Higgs:
You ask substantially the following question:
In light of the 2005 amendment to section 196.24, Florida Statutes, may a surviving spouse who is qualified under the statute to carry over her deceased husband's exemption as a partially disabled veteran, and who is herself qualified to receive an exemption as a partially disabled veteran, claim both exemptions under the statute?
Section 196.24, Florida Statutes, provides:
"Any ex-service member, as defined in s. 196.012, who is a bona fide resident of the state, who was discharged under honorable conditions, and who has been disabled to a degree of 10 percent or more while serving during a period of wartime service as defined in s. 1.01(14), or by misfortune, is entitled to the exemption from taxation provided for in s. 3(b), Art. VII of the State Constitution as provided in this section. Property to the value of $5,000 of such a person is exempt from taxation. The production by him or her of a certificate of disability from the United States Government or the United States Department of Veterans Affairs or its predecessor before the property appraiser of the county wherein the ex-service member's property lies is prima facie evidence of the fact that he or she is entitled to the exemption. The unremarried surviving spouse of such a disabled ex-service member who, on the date of the disabled ex-service member's death, had been married to the disabled ex-service member for at least 5 years is also entitled to the exemption."
In 2005, the statute was amended to add the provisions permitting a qualifying surviving spouse to receive the exemption.[1]
A definition of the term "ex-service member" was added to section196.012(20), Florida Statutes: "`Ex-service member' means any person who has served as a member of the United States Armed Forces on active duty or state active duty, a member of the Florida National Guard, or a member of the United States Reserve Forces."[2] It should be noted that the 2005 amendment, including the exemption afforded surviving spouses in section196.24, Florida Statutes, became effective July 1, 2005.[3]
You state that a surviving spouse who qualifies for the carryover exemption from her deceased husband under section 196.24, Florida Statutes, has also applied for the disability exemption as an ex-service person in her own right. You therefore ask whether the statute allows the stacking of the two exemptions.
A review of the legislative history surrounding the enactment fails to reveal the legislative intent on this issue. However, this office has previously stated that a person is not prohibited from claiming more than one exemption where that person meets the statutory requirements for each statute independently. For example, in Attorney General Opinion 01-36 this office stated that the surviving spouse of a service-connected totally and permanently disabled veteran may receive the homestead exemption benefit offered in section 196.081, Florida Statutes, and also receive the benefit of an additional homestead exemption offered in section 196.075, Florida Statutes. In Attorney General Opinion 72-151, it was determined that an individual could receive more than one $500 tax exemption under section 196.202, Florida Statutes, if the individual qualified independently under more than one category of exemption, i.e., for blindness, for other disability, or as a widow.[4]
I am not aware of, nor have you drawn my attention to, any provision prohibiting an individual from claiming the exemption afforded to her as a disabled ex-service member in addition to claiming her surviving spouse exemption under section 196.24, Florida Statutes, provided that she meets the statutory criteria as both the disabled veteran and as the surviving non-remarried spouse.
Accordingly, I am of the opinion that a surviving spouse who is qualified under section 196.24, Florida Statutes, to carry over her deceased husband's exemption as a partially disabled veteran, and who is herself qualified to receive an exemption as a partially disabled veteran under section 196.24, is entitled to claim both exemptions under the statute.
Sincerely,
Charlie Crist, Attorney General
CC/tjw
[1] See s. 2, Ch. 05-42, Laws of Fla. Section (2) also amended s. 196.24 to add a qualification that the ex-service member was discharged under honorable conditions.
[2] Section 1, Ch. 05-42, Laws of Fla.
[3] Section 3, Ch. 05-42, Laws of Fla.
[4] The opinion also concluded that an ex-serviceman who qualified under s. 196.24, Fla. Stat., for a "10 percent disability exemption" not based on blindness may be granted an additional exemption as a blind person under s. 196.202, Fla. Stat. And see Op. 54-2, Biennial Report of the Attorney General 1953-1954, p. 219 (individual could qualify for both a widow's exemption and a disability exemption).